IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-870-D

| | | |
|---|---|---|
| NUCAR CONNECTION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| ALICE A. HOWELL, and<br>BURL A. HOWELL, | ) | |
| Defendants. | ) | |

On October 25, 2016, Alice A. Howell and Burl A. Howell ("defendants"), filed a pro se notice of removal [D.E. 1-1], several exhibits [D.E. 1-2 through -6], and other filings [D.E. 1-7 through 1-9]. Defendants seek leave to proceed in forma pauperis [D.E. 1]. Defendants have filed numerous motions, including motions to dismiss [D.E. 3, 10, 23], a motion for appointment of counsel [D.E. 7],[1] for entry of default and default judgment [D.E. 12, 13], and to amend their application to proceed in forma pauperis and for a hearing and service of subpoenas [D.E. 24]. On December 19, 2016, plaintiff moved to remand the action for lack of subject-matter jurisdiction [D.E. 16] and filed a memorandum in support [D.E. 17]. On December 21 and 27, 2016, defendants responded in opposition to plaintiff's motion to remand [D.E. 19, 22]. On December 21, 2016,

---

[1] No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and defendants' abilities do not present exceptional circumstances. Accordingly, the court denies defendants' motion for appointed counsel.

plaintiff responded in opposition to defendants' motions for entry of default and default judgment [D.E. 20]. As explained below, the court grants defendants' motion to proceed in forma pauperis, grants plaintiff's motion to remand, and denies the remaining motions.

I.

On September 17, 2004, the Court of Common Pleas of the State of Delaware, New Castle County, entered a civil judgment in favor of plaintiff against defendants in the amount of $11,721 liquidated damages, $10,000 punitive damages, together with pre- and post-judgment interest and court costs of $784. See [D.E. 1-3].[2] Defendants reside in North Carolina. See Notice of Removal [D.E. 1-1] 10. On October 7, 2016, Wayne County District Court, plaintiff filed a notice of foreign judgment and affidavit pursuant to the North Carolina Uniform Enforcement of Foreign Judgments Act, N.C. Gen. Stat. § 1C-1701 et seq. See [D.E. 1-2] 1.

Defendants contend that the Delaware judgment is invalid and plaintiff's notice of foreign judgment is not timely filed. See [D.E. 4] 1–3; see also [D.E. 1-4] (copy of July 8, 2005 "letter opinion" from the Delaware court "enter[ing] judgment and dismiss[ing] all claims against Burl A. Howell in this action"); [D.E. 23] 1–2. Plaintiff asserts that this court lacks subject-matter jurisdiction over the action. Mem. Supp. Mot. Remand [D.E. 17] 1–3.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the [federal] district courts . . . have original jurisdiction[ ] may be removed by the defendant or the defendants, to the district court of the United States for the district and division

---

[2] Plaintiff asserts that the Delaware court entered a final judgment against defendants on December 30, 2009, see Piner Aff. [D.E. 20-1] ¶ 3, which defendants dispute. See [D.E. 4] 1–2. The court makes no observation concerning the parties' contentions as to that judgment.

2

embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts "construe removal statutes narrowly," and any "doubts concerning removal ... [are] resolved in favor of state court jurisdiction." Barbour v. Int'l Union, 640 F.3d 599, 613 (4th Cir. 2011) (en banc). The party who removed the action must establish federal subject-matter jurisdiction. See Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

The court has reviewed the record of the case, the parties' briefs, and the governing law. See, e.g., 28 U.S.C. §§ 1331–1332; St. Paul Mercury Inem. Co. v. Red. Cab Co., 303 U.S. 283, 294 (1938); Jones v. Wells Fargo Co., No. 15-2403, 2016 WL 7240180, at *1–2 (4th Cir. Dec. 15, 2016) (per curiam) (unpublished); Hoschar, 739 F.3d at 169; Francis v. Allstate Ins. Co., 709 F.3d 362, 367–69 (4th Cir. 2013); Dixon v. Edwards, 290 F.3d 699, 710–11 (4th Cir. 2002); Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). Defendants have not met their burden of establishing that the amount in controversy exceeds $75,000, exclusive of interest and costs. To the extent defendants rely on 28 U.S.C. § 1738 as conferring jurisdiction, see [D.E. 15] 4–5, section "1738 does not, standing alone, confer jurisdiction on a federal district court to domesticate a judgment rendered by a court of another jurisdiction." Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co., 607 F.3d 1268, 1276 (11th Cir. 2010); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 153 n.1 (5th Cir. 1974). To the extent defendants assert that plaintiff's motion to remand is untimely, see [D.E. 22] 12, defendants are incorrect. See 28 U.S.C. § 1447(c). To the extent defendants rely on purported violations of the Fair Debt Collection Practices Act as precluding remand, see [D.E. 19] 2–15, the argument fails. See Holmes Grp, Inc.

3

v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 829–831 & n.2 (2002); Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9–11 & n.9; Pinney v. Nokia, Inc., 402 F.3d 430, 445 (4th Cir. 2005). Moreover, defendants may litigate the validity and enforceability of the Delaware judgment in North Carolina state court. See N.C. Gen. Stat. § 1C-1705; Rossi v. Spoloric, 781 S.E.2d 648, 654 (N.C. Ct. App. 2016); cf. Anderson v. Wade, 322 F. App'x 270, 271 (4th Cir. 2008) (per curiam) (unpublished). Thus, the court grants plaintiff's motion to remand.

II.

In sum, the court GRANTS defendants' application to proceed in forma pauperis [D.E. 1] and plaintiff's motion to remand [D.E. 16]. The court DENIES defendants' remaining motions [D.E. 3, 7, 10, 12–13, 23–24]. The action is REMANDED to Wayne County District Court.

SO ORDERED. This 14 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge